IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. NEKVASIL, JR., | ) | |
| Reg. No. 04317-027, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-CV-274-ECM-WC |
| | ) | [WO] |
| FEDERAL BUREAU OF | ) | |
| PRISONS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on an amended complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), by which Plaintiff, a federal inmate at Montgomery Federal Prison Camp ("Montgomery FPC"), challenges the constitutionality of actions taken by Federal Bureau of Prisons ("BOP") personnel in implementing the directives set forth by the Attorney General of the United States regarding how to evaluate inmates for possible release under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). Doc. No. 19. Among the Defendants named by Plaintiff is the BOP. Upon review, this court concludes that dismissal of the amended complaint against Defendant BOP prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff's amended complaint includes the BOP as a named Defendant. However, as a federal agency, the BOP is not a proper defendant in this action. *Scaff–Martinez v. Federal Bureau of Prisons*, 160 F. App'x 955 (11th Cir. 2005). The proper defendants in a *Bivens* action are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency that employs the officers. *Id.* Accordingly, the action against the BOP is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint against Defendant BOP be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Defendant BOP be TERMINATED as a party to this action.

3. This case against the remaining Defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **August 12, 2020**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a

party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 29th day of July, 2020.

                                           /s/ Wallace Capel, Jr.
                                           WALLACE CAPEL, JR.
                                           CHIEF UNITED STATES MAGISTRATE JUDGE