IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. NEKVASIL, JR., | ) | |
| Reg. No. 04317-027, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:20-cv-274-ECM-JTA |
| DAVID BREWER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The Magistrate Judge has reviewed the special report and answer filed by Defendants (Doc. 38) and has determined that Plaintiff shall file a response to Defendants' arguments that:

1. The injunctive-only relief Plaintiff seeks is not available in a lawsuit under *Bivens v. Six Unknown Named Agent of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2. Plaintiff failed to effectuate proper service on each Defendant as required by Fed. R. Civ. P. 4(e).

3. Plaintiff's complaint must be dismissed as moot because Plaintiff has been released from Montgomery Federal Prison Camp ("Montgomery FPC") to the Detroit Residential Reentry Management field office in Michigan.

4. Plaintiff's complaint must be dismissed because he failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA").[1]  *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("Congress has provided in [42 U.S.C.] § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion.").  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court

---

[1] Title 42 U.S.C. § 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Defendants assert that Plaintiff failed to exhaust the administrative remedy available to him through the Bureau of Prisons' Administrative Remedy Program. .

once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90–91.

Accordingly, it is

ORDERED that by **December 28, 2020,** Plaintiff shall file a response to the special report and answer filed by Defendants. If Plaintiff fails to file a response as required by this order, the court will treat Plaintiff's failure to respond as an abandonment of the claims in the complaint and as a failure to prosecute this action. Moreover, Plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. In addition, if Plaintiff fails to respond to the special report and answer regarding each claim in his complaint, the court will treat this failure as abandoning these claims and shall proceed as justice requires.

As indicated herein, at some time in the future the court may treat Defendants' report and Plaintiff's response as a dispositive motion (either a motion to dismiss or motion for summary judgment) and as response to the motion. Thus, in filing a response to Defendants' report, Plaintiff should not rely only on his unsworn pleadings but should respond by filing sworn affidavits[2] or statements, or other

---

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. If a notary/authorized officer is not available, the plaintiff may support his response with a statement made under penalty of perjury as allowed by well-established federal law. *See* 28 U.S.C. § 1746 (Whenever . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . ., such matter may, with

evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting Defendants' evidence as the truth. If documents are referred to in the opposing affidavits/sworn statements and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are <u>notified</u> that, unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken, upon the expiration of the time for Plaintiff to file a response as allowed by this order, the court may at any time thereafter and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

---

like force and effect, be supported, evidenced, established, or proved by the . . . declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form. . . . If executed within the United States, its territories, possessions, or commonwealths: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature). ). The affidavit or certified/verified statement <u>must be made on personal knowledge</u>, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

<u>Failure to follow the requirements of this order about the proper way to respond to Defendants' special report and answer will result in a recommendation of the Magistrate Judge that final judgment be entered for Defendants without an evidentiary hearing</u>.

DONE this 7th day of December, 2020.

                           /s/ Jerusha T. Adams
                           JERUSHA T. ADAMS
                           UNITED STATES MAGISTRATE JUDGE