IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. NEKVASIL, JR., Reg. No. 04317-027, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-cv-274-ECM-JTA (WO) |
| DAVID BREWER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. BACKGROUND

This *pro se Bivens* action[1] is before the court on Plaintiff James R. Nekvasil, Jr.'s amended complaint. (Doc. No. 19)[2] Nekvasil challenges the constitutionality of actions by employees of the Federal Bureau of Prisons ("BOP") and others named as Defendants[3] in

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[2] References to document numbers are to the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

[3] Nekvasil filed this action while an inmate at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). Named as Defendants are David Brewer (acting Senior Deputy Assistant Director, BOP); Andre Matevousian (acting Assistant Director - Correctional Programs, BOP); Hugh Hurwitz (Assistant Director - Reentry Service, BOP); Jeffrey Keller (Southeast Regional Director, BOP); Walter J. Wood, Sr. (former Warden, FPC Montgomery); Alan Cohen (Warden, FPC Montgomery); Richard Dunbar (Assistant Warden, FPC Montgomery); Denise Rogers (Case Manager Coordinator, FPC Montgomery); Stacey Fleiner (Unit Team Manager, FPC Montgomery); Barry Briggs (Unit Manager, FPC Montgomery); Kevin Calhoun (Unit Case Manager, FPC Montgomery); Roger Warren (Unit Counselor, FPC Montgomery); and Anthony Barnes (Records/Discharge, FPC Montgomery). (Doc. No. 19 at 3–12.)

implementing directives of the Attorney General for evaluating federal inmates for placement in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020). Those directives were set out in memoranda instructing BOP officials to prioritize and increase the use of home confinement to reduce the impact of the COVID-19 pandemic on the federal prison system. (*See* Doc. No. 38 at 2.) According to Nekvasil, the Defendants violated his rights to due process and equal protection in denying him home confinement under the CARES Act. (Doc. No. 19 at 5, 13–14.) He seeks an order directing the BOP to follow the Attorney General's directives when considering him for placement in home confinement. (*Id.* at 2; *see* Doc. No. 1 at 7.) In addition, he seeks $25,000,000 in damages. (Doc. No. 42 at 2, 8.)

Pursuant to the court's orders, Defendants filed a special report, answer, and supporting evidentiary materials addressing the claims in Nekvasil's amended complaint. (Doc. No. 38.) Defendants argue this case should be dismissed because Nekvasil failed to exhaust his available administrative remedies before initiating this action. (*Id*. at 8–11.) Defendants base their exhaustion defense on Nekvasil's failure to comply with the BOP's internal administrative remedy procedure for inmates. (*Id.*)

After receiving Defendants' special report, the court issued an order allowing Nekvasil to respond. (Doc. No. 41.) The order directed Nekvasil to address Defendants' exhaustion defense. (*Id.* at 2–3.) The order also advised Nekvasil that his response should be supported by sworn affidavits or other appropriate evidentiary materials. (*Id.* at 3–4.) The order further cautioned Nekvasil that unless sufficient legal cause was shown within

15 days of entry of the order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a dispositive motion and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." (*Id*. at 4.)

Nekvasil filed a response to Defendants' special report in which he argued that he exhausted his administrative remedies. (Doc. No. 42 at 4–5.)

To support their special report, Defendants produced the Declaration of S. Allison-Love, Senior Attorney for the BOP at U.S. Penitentiary in Atlanta, Georgia (Doc. No. 38-1), who avers that institutional records for the BOP reflect that Nekvasil filed two remedies and two resubmissions regarding his present claims, but only at the local level; i.e., Nekvasil did not exhaust the BOP's administrative remedy process. (*Id.* at 4–5.)

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies"). Therefore, this court will treat Defendants' special report (Doc. No. 38) as a motion to dismiss Nekvasil's case.

3

## II. EXHAUSTION REQUIREMENT

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has recognized that "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). Because exhaustion is mandated by the statute, a court has no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998); *see Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).

Under the PLRA, a federal prisoner cannot bring a *Bivens* action until he has exhausted his available administrative remedies. *See Alexander*, 159 F.3d at 1323–24; *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is

4

> not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court

> may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record.

*Trias,* 587 F. App'x at 535. The Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

The court, upon review of Nekvasil's amended complaint and submissions and Defendants' dispositive motion and supporting evidentiary materials, concludes that Defendants' motion to dismiss Nekvasil's *Bivens* action based on his failure to exhaust his administrative remedies is due to be granted.

## III.   DISCUSSION

The BOP has established regulations setting forth the procedures a prisoner must follow before seeking relief from a district court. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *see* 28 C.F.R. § 542.10–.19. Generally, a prisoner must complete a three-step sequential process if the informal resolution procedure—sometimes called a BP-8—fails to resolve the issue. As to the formal administrative remedy procedures, an inmate first must submit a Request for Administrative Remedy on the BP-9 grievance form to the Warden within twenty days of the incident. *See* 28 C.F.R. § 542.14(a). If the inmate is not

satisfied with the Warden's response, he may submit an appeal on the BP-10 form to the Regional Director within twenty days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may submit an appeal on the BP-11 form to the General Counsel within thirty days of the Regional Director's response. *Id*. (*See* Doc. No. 38-1 at 3–4.)

In her Declaration submitted by Defendants with their special report, S. Allison-Love, Senior Attorney for the BOP at U.S. Penitentiary in Atlanta, avers that in her official capacity, she has access to official records maintained by the BOP and is familiar with the administrative remedy for inmates set forth in the BOP Program Statement 1330.18 and 28 C.F.R. part 542, Subpart B. (Doc. No. 38-1 at 2–4.) Allison-Love states she is familiar with the BOP computer system—SENTRY—which contains inmate information, including tracking information of administrative remedies filed by inmates. (*Id*.) Allison-Love further states that these institutional records reflect that Nekvasil filed two remedies and two resubmissions regarding his present claims, but he did so only at the local level, and he filed no appeals to the regional or central offices. (*Id*. at 4–5; *see also* Doc. No. 38-3 at 2–7.)

Defendants contend that Nekvasil's case should be dismissed because he did not exhaust the administrative remedy provided by the BOP before filing his complaint, as required by the PLRA. (Doc. No. 38 at 8–11.) The record reflects that Nekvasil did not complete the BOP's administrative remedy process regarding his claims. According to BOP records, although Nekvasil filed two remedies and two resubmissions regarding his present claims, he did so only at the local level and pursued no appeals. (Doc. No. 38-1 at

2–4.) Therefore, Defendants say, Nekvasil did not proceed past the BP-9 grievance level with his claims, and he submitted no BP-10 appeal to the Regional Director and no BP-11 appeal to the General Counsel after that.

Nekvasil asserts that in one instance, in June 2020, he submitted an appeal to the BOP's Regional Director. (Doc. No. 42 at 4–5.) He suggests that he effectively exhausted his administrative remedies. He submits evidentiary materials indicating he filed a BP-10 appeal to the Regional Director on June 19, 2020, which was received by the Regional Director on June 23, 2020. (Doc. No. 43 at 4–6; Doc. No. 46-3 at 2–3.) However, Nekvasil filed the BP-10 appeal almost two months after he initiated this *Bivens* action by his complaint with this court on April 20, 2020. (*See* Doc. No. 1 at 7.) Further, there is no evidence (or claim) that Nekvasil ever proceeded to the BP-11 level of review by filing a BP-11 appeal to the BOP's General Counsel after obtaining no response to the BP-10 appeal he says he filed with the Regional Director. To the extent Nekvasil maintains he did not receive a timely response to his alleged appeal to the Regional Director, 28 C.F.R. § 542.18 dictates that he "may consider the absence of a response to be a denial at that level" and proceed to the next appeal level. *See Coburn v. Spaulding*, No. 3:20-CV-01389, 2021 WL 3026851, at *7 (M.D. Pa. June 15, 2021) (denying request for placement in home confinement where inmate failed to exhaust). Nekvasil plainly did not exhaust his administrative remedies before bringing this action.

Here, the evidentiary record demonstrates that an administrative remedy was available to Nekvasil during his confinement at FPC Montgomery. But he failed to exhaust the three-tiered administrative remedy process set forth at 28 C.F.R. §§ 542.10–.19

7

regarding his claims. Further, the record shows that the administrative remedy is no longer available to Nekvasil because he has been released to home confinement. (*See* Doc. No. 38 at 7–8.) Dismissal of Nekvasil's *Bivens* action with prejudice is therefore appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that "[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. No. 38) be GRANTED because Nekvasil failed to properly exhaust an administrative remedy available to him before initiating this civil action.

2. Nekvasil's *Bivens* action be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Nekvasil's failure to properly exhaust an administrative remedy previously available to him.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **August 18, 2023**. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of August, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE